UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS CUJI, on behalf of himself, FLSA Collective Plaintiffs and the Class,

                              Plaintiff,

-against-

SISTINA RESTAURANT INC d/b/a SISTINA, CARAVAGGIO, INC. d/b/a CARAVAGGIO, GUIESEPPE BRUNO, and GERARD BRUNO,

                              Defendants.

**Case No. 1:20-cv-05594 (DCF)**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARAVAGGIO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

 

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
666 Third Avenue
New York, New York 10017
(212) 545-4000

Attorneys of Record:
    Adam S. Gross, Esq.
    Godfre O. Blackman, Esq.

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................ 1

**SUMMARY OF ALLEGATIONS** ......................................................................................... 1

**LEGAL STANDARD** ............................................................................................................. 2

**ARGUMENT**........................................................................................................................... 3

    I.    **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST CARAVAGGIO UNDER THE FLSA OR NYLL** ............................................................................................................................ 3

        A.  **Employer Standard under the FLSA and NYLL** ............................................. 3

        B.  **Plaintiff Does Not Allege Facts To Support A Finding That Caravaggio is His Employer**............................................................................................................ 5

**CONCLUSION** ..................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................. 2, 3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
　493 F.3d 87 (2d Cir. 2007) ............................................................................................................ 2

*Baez v. New York*,
　56 F. Supp. 3d 456 (S.D.N.Y. 2014) .............................................................................................. 3

*Barberan v. Nationpoint*,
　706 F. Supp. 2d 408 (S.D.N.Y. 2010) ........................................................................................... 9

*Barfield v. New York City Health & Hosps. Corp.*,
　537 F.3d 132 (2d Cir. 2008) .......................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...................................................................................................................... 3

*Cannon v. Douglas Elliman, LLC*,
　No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10,
　2007) ........................................................................................................................................... 10

*Diaz v. Consortium for Worker Educ., Inc.*,
　No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2010) ........................... 5, 8

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
　423 F. Supp. 2d 173 (S.D.N.Y. 2006) ........................................................................................... 9

*Irizarry v. Catsimatidis*,
　722 F.3d 99 (2d Cir. 2013) ........................................................................................................ 3, 4

*Juarez v. 449 Rest., Inc.*,
　29 F. Supp. 3d 363 (S.D.N.Y. 2014) .............................................................................................. 9

*Lopez v. Acme Am. Envtl. Co.*,
　No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6,
　2012) ..................................................................................................................................... *passim*

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
　711 F.3d 106 (2d Cir. 2013) .......................................................................................................... 2

*Sampson v. MediSys Health Network, Inc.*,
   No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052 (E.D.N.Y. July 24, 2012) ...................... 5, 8

*Santana v. Fishlegs, LLC,*
   2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013) .............................................. 6-8, 10

*Starr v. Sony BMG Music Entm't*,
   592 F.3d 314 (2d Cir. 2010) ............................................................................................... 2

*Wolman v. Catholic Health*,
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ................................................................................ 5

*Xue Lian Lin v. Comprehensive Health Mgmt.*,
   08 CV 6519, 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009) ................................. 3, 4

*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003) .............................................................................................. 4, 6

**Statutes**

29 U.S.C. § 203(d) ........................................................................................................................ 3

29 U.S.C. § 203(g) ........................................................................................................................ 3

Fair Labor Standards Act ..................................................................................................... *passim*

New York Labor Law .......................................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ....................................................................................... 2

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................... 1, 2, 9

Defendant Caravaggio, Inc. ("Moving Defendant" or "Caravaggio") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Carlos Cuji's ("Plaintiff") Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Caravaggio moves to dismiss the Complaint because Plaintiff fails to state a claim against it under either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"). Plaintiff has asserted claims against, but was not employed by, Caravaggio. The Complaint states that "[a]lthough Plaintiff Carlos Cuji did not work at both [Defendant Caravaggio and Defendant Sistina], the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants..." The Complaint plainly acknowledges that Plaintiff never worked for Caravaggio. Instead, Plaintiff sets forth mere boilerplate resuscitations of the applicable legal standard and conclusory allegations about the supposed connection between Moving Defendant and Defendant Sistina.  The Complaint does not plead facts sufficient to render plausible that Caravaggio exercised any formal or functional control over Plaintiff whatsoever.  Such factually barren allegations do not satisfy the *Iqbal*/*Twombly* pleading standard.  As a result, Plaintiff's FLSA and NYLL claims against Caravaggio merit dismissal.

## SUMMARY OF ALLEGATIONS

Plaintiff brings this putative class and collective action against Caravaggio, his employer Sistina Restaurant and two individuals he alleges were interconnected as a joint enterprise.[2]

---

[1] A copy of Plaintiff's Complaint dated July 20, 2020 is attached as Exhibit A to the Declaration of Adam S. Gross, Esq. ("Gross Dec.") in Support of the Moving Defendant's Motion to Dismiss Plaintiff's Complaint.

[2] The undersigned counsel represents only Caravaggio and Defendants Sistina Restaurant Inc. ("Defendant Sistina" or "Sistina") and Giuseppe Bruno.

Compl. ¶¶ 6-7, 1-2, 6 [sic].[3] During the relevant period, Plaintiff was employed by Sistina as a dishwasher. Compl. ¶18. Plaintiff admits that he did not work at Caravaggio. Compl. ¶ 6 [sic]. Yet Plaintiff still alleges in boilerplate fashion that Caravaggio, as well as the other named corporate and individual defendants, were his employer under the FLSA and NYLL and violated these statutes by allegedly: (i) failing to pay Plaintiff the statutory minimum wage under the FLSA and NYLL; (ii) failing to pay Plaintiff overtime under the FLSA and NYLL; (iii) failing to comply with meal credit provisions of the FLSA and NYLL; (iv) failing to provide Plaintiff with required wage notices and statements under NYLL Section 195; and (v) failing to pay spread of hours under the NYLL. *Id*. ¶¶ 1-2 [sic] 33-53. As noted above, Plaintiff's allegations related to Caravaggio's involvement in his employment are devoid of any factual detail about the relationship between Caravaggio and Plaintiff – as Plaintiff freely admits, no such relationship exists.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [his] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (same).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d

---

[3] Plaintiff's Complaint incorrectly numbers the paragraphs and uses numbers 1-8 two times.

2

Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *see Iqbal*, 556 U.S. at 680. As this Court has observed, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Baez v. New York*, 56 F. Supp. 3d 456, 466 (S.D.N.Y. 2014) (quoting *Twombly*, 550 U.S. at 544) (dismissing discrimination claims for failure to plead facts sufficient to raise an inference that the reason Plaintiff was not promoted was her national origin).

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST CARAVAGGIO UNDER THE FLSA OR NYLL**[4]

   A. **Employer Standard under the FLSA and NYLL**

To be held liable under the FLSA, a person, or entity must be considered an "employer." 29 U.S.C. § 203(d). An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in *economic reality* rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted); *see also Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012). The relevant factors that dictate whether the

---

[4] The entirety of this section applies equally to Plaintiff's claims under the FLSA and NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009) (finding that the analysis of whether a defendant constitutes an employer is the "same" under both the FLSA and NYLL).

economic reality test is satisfied, and therefore whether an employment relationship exists under the FLSA, include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104-05 (quoting *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)); *see also Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (failure to "allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" required dismissal of FLSA claims against such individual defendants). These factors help determine whether an entity exercised formal control over an employee.

The economic reality test is useful because "when an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer." *Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 67 (2d Cir. 2003). Alternatively, an entity may functionally control workers even when it does not formally control them. *See Zheng,* 355 F.3d at 67 (2d Cir. 2003). The Second Circuit analyzes functional control through a six-part test: "(1) whether [Defendant's] premises and equipment were used for the plaintiffs' work; (2) whether [Defendant] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendant's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [] Defendant[] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [] Defendant[]." *Id.*[5] The formal and functional tests for

---

[5] The Moving Defendant notes that the functional *Zheng* test was developed to address the scenario – common in the pieceworker industry and dating back decades – where a dominant client functionally controlled the operations of a

4

employment are non-exhaustive and not "rigid rule[s]." *Barfield v. N.Y.C. Health and Hosps. Corp.,* 537 F.3d 132, 143 (2d Cir. 2008).

Courts in this District have repeatedly recognized that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, *absent control*, are not liable for the separate employees of joint ventures." *Lopez*, 2012 U.S. Dist. LEXIS 173290, at *4 (emphasis added) (citing *Cannon v. Douglas Elliman, LLC*, No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139, at *10-11 (S.D.N.Y. Dec. 10, 2007)); *see, e.g., Wolman v. Catholic Health*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "which perhaps establish[] some general commonalities between Defendants" do not establish control so that joint employment is adequately plead); *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052, at *12 (E.D.N.Y. July 24, 2012) (holding that although plaintiffs' allegations "may suggest some kind of affiliation among the defendants," they could not allege a joint employer relationship); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722, at *10 (S.D.N.Y. 2010) (holding that allegation which "only shows that defendants shared a common goal" is insufficient to qualify defendants as joint employers).

### B. Plaintiff Does Not Allege Facts To Support A Finding That Caravaggio is His Employer

Plaintiff seeks to improperly expand the scope of this action by claiming Caravaggio was his employer despite admitting he never worked for Caravaggio and failing to articulate with particularity any facts relating to Caravaggio's operations. The case law within this district is clear

---

subcontractor. Such a scenario is not present here; Plaintiff was employed by Sistina to work at its restaurant. Plaintiff concedes that he never worked at Caravaggio and does not allege any specific facts about Caravaggio's operations.

5


that boilerplate, conclusory allegations about a restaurant where an employee never worked *do not* constitute sufficient evidence of an employment relationship at the motion to dismiss stage.

For example, in *Lopez v. Acme Am. Envtl.*, plaintiffs sought unpaid overtime wages from several corporate defendants pursuant to the FLSA and NYLL. Plaintiffs alleged that all of the corporate defendants (1) were under common control, (2) operated from a single facility and shared key employees, including a bookkeeper, an accountant, and a general manager, and (3) shared a common clientele and worked for the common purpose of providing a full range of services to companies with commercial kitchens. 2012 U.S. Dist. LEXIS 173290, at *10. In granting a motion to dismiss the corporate entities, the court found that "[a]lthough they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants *and themselves*." *Id.* at *11 (emphasis added). Because the plaintiffs did not allege any particularized facts which demonstrated that the "economic reality" of the relationship between the plaintiffs and the corporate defendants was one of control, the Court held that plaintiffs did not state an FLSA claim against the corporate defendants and dismissed the complaint as asserted against them. *Id.* at *12-14. The Court also found plaintiffs' allegations insufficient to establish that the affiliated corporate defendants exercised functional control over the plaintiffs. *Id.* For instance, the *Lopez* plaintiffs did not allege that any of the corporate defendants supervised or controlled their work schedules, or facts indicating functional control under the Second Circuit's six-part *Zheng* test described above.

Similarly, in *Santana v. Fishlegs, LLC*, the plaintiffs claimed unpaid wages and overtime against seven corporate restaurant defendants, five of which never employed them. No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013). Nonetheless, the plaintiffs alleged the seven corporate defendants were a single integrated enterprise with shared ownership,

6

operations, marketing, recruiting, employment methods and human resources personnel. *Id.* at *12. Despite these allegations, the Court dismissed the five corporate defendants that never employed the plaintiffs, finding the single integrated enterprise doctrine inapplicable based on insufficient pleadings. *Id.*

Plaintiff's allegations against Caravaggio, in their entirety, are the same cosmetic and conclusory allegations found insufficient in *Lopez* and *Santana*. Plaintiff concedes that he exclusively worked for Sistina. Compl. ¶6 [sic]. He does not include a single particularized fact about Caravaggio's operations or any nexus between his employment and Caravaggio. Instead, Plaintiff's allegations regarding Caravaggio consist of the following:

- "Defendants operate the below restaurants as a single integrated enterprise under the trade names 'Sistina' and 'Caravaggio'..." Compl. ¶ 6 [sic];
- "The Restaurants are operated by Defendants as a single integrated enterprise. The restaurants are commonly owned by the Individual Defendants and are advertised on the following websites: http://caravaggioristorante.com/: and http://sistinany.com/contact/. Compl. ¶ 7 [sic];
- "Specifically the Restaurants are engaged in related activities, share common ownership and have a common business purpose: a. As both are Italian Food Restaurants, supplies are interchangeable among the Restaurant locations; b. Employees are interchangeable among the Restaurant locations, and in fact employees are frequently interchanged. c. The Restaurants advertise for each other on the internet. Both websites, refer to the other restaurant as their 'sister restaurant.' d. Despite being a very short walking distance from the other, the restaurant's [sic] market and advertise for its supposed competitor. e. The Restaurants share a common ownership and management team. The Restaurants are both owned and managed by the Individual Defendants." Compl. ¶ 7 [sic];
- "At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder." Compl. ¶ 4 [sic];
- "Although Plaintiff Carlos Cuji did not work at both of the Restaurants, the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff Carlos Cuji seeks to represent." Compl. ¶ 6 [sic];
- "On or around May 2018, Plaintiff Carlos Cuji was hired by Defendants to work as a dishwasher for Defendants' Sistina Restaurant located at 24 East 81st Street, New York,

NY 10028, where he worked for the remainder for his employment by Defendants. Plaintiff's employment with Defendants terminated on January 2, 2020. Compl. ¶ 18.

Here, as in *Lopez* and *Santana*, although Plaintiff alleges that all Defendants—including Caravaggio—are joint employers, he fails to plead, as he must under the FLSA and NYLL, sufficient particularized facts which show a relationship of control between Caravaggio and himself. The "fundamental" question is whether *each* Defendant had the ability to control Plaintiff's employment. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *11 ("[A]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."); *Sampson*, 2012 U.S. Dist. LEXIS 103052, at *12 (dismissing FLSA claims against those defendants which plaintiffs failed to allege "had any direct role in hiring or firing the plaintiffs . . . supervised or controlled their work schedules . . . [or] had any direct role in controlling the plaintiffs' conditions of employment or determining their rate and method of payment"); *Diaz*, 2010 U.S. Dist. LEXIS 107722, at *10 (dismissing FLSA claims against defendants because "[t]he complaint contains no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that defendants were plaintiffs' employer).

Plaintiff does not set forth a *single* factual allegation which even suggests that Caravaggio exercised control over the terms and conditions of his employment. Plaintiff freely admits that he never worked for Caravaggio. Beyond that, he does not claim *with particularity* that Caravaggio hired or fired him, supervised and controlled his work schedule, determined his rate and method of payment, or maintained his employment records. Plaintiff merely asserts that "Plaintiff… was hired by Defendants to work as a dishwasher for Defendants' Sistina Restaurant…" and seeks to

bolster this threadbare allegation by making boilerplate conclusory allegations that regurgitate the legal standard under the law.  *See e.g.*, Compl. ¶ 18.

The instant allegations are thus distinguishable from this Court's decision in *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367-368 (S.D.N.Y. 2014), where plaintiff's "cosmetic" allegations of integrated or joint operations (such as those outlined above) were simply backdrop for his core allegation: that he himself performed work at the three Moonstruck Diner locations in question, a bona fide factual allegation tending to show centralized labor policy.  There are no such allegations in this case.

Instead, Plaintiff asserts that "employees are interchangeable among the Restaurant locations, and in fact employees are frequently interchanged" but gives no examples of this ever occurring and does not allege that he ever worked even one shift for Caravaggio. *See* Compl. ¶ 7 [sic]. Likewise, Plaintiff assumes, without providing any particularized facts, that because Sistina and Caravaggio both serve Italian cuisine they must share a common business purpose.

Further, Plaintiff's allegation that Sistina's and Caravaggio's websites call the other restaurant their "sister restaurant" is inaccurate, as no such language exists on either restaurant's website.[6]  Gross Dec. ¶ 3.  Indeed, there is not a single reference to Caravaggio on the Sistina website, and the inverse is true as well.  Gross Dec. ¶ 4.  Thus, Plaintiff's conclusory factual allegations—while insufficient to establish an employment relationship between Plaintiff and Caravaggio anyway—are patently not true.

---

[6] *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 414 (S.D.N.Y. 2010) "Generally, [i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice maybe taken." (internal citations omitted); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination." (quoting Fed. R. Evid. 201(b)).

9

Plaintiff has also failed to plead, as he must under the FLSA, sufficient, particularized facts which show any functional relationship between Caravaggio and himself. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *12 (complaint allegations alleging defendants shared a common bookkeeper, accountant, and general manager, absent more, was insufficient to state a cause of action under the FLSA against other entities that did not employ Plaintiffs); *Santana*, 2013 U.S. Dist. LEXIS 159530, at *23 (complaint allegations alleging corporate defendants shared ownership, operating, marketing, recruiting, employment methods and human resources, without more, could not state a cause of action under the FLSA against other entities that did not employ Plaintiffs). Plaintiff's Complaint does not assert even one allegation that Caravaggio had any control over his employment or that he knows any information about how it is operated or its policies or procedures.

Plaintiff's conclusory allegations relating to purported common ownership are inadequate to survive dismissal at the pleading stage. Merely reciting the elements of a joint employer arrangement—which is what plaintiff does here—is insufficient to plausibly allege joint employer status. *Cannon*, 2007 U.S. Dist. LEXIS 91139, at *12. That is because, even if Caravaggio and Sistina are "part of an 'integrated enterprise' or 'engaged in a joint venture,'" they "may nevertheless employ separate people and, absent control, are not liable for the separate employees of joint ventures." *Lopez*, 2012 U.S. Dist. LEXIS 173290, at *11; see also *Santana*, 2013 U.S. Dist. LEXIS 159530, at *23.

Put simply, Plaintiff's Complaint lacks the necessary factual allegations that plausibly link his employment to Caravaggio. Instead, Plaintiff only offers boilerplate allegations under the FLSA and NYLL directed to "Defendants" generally, which do not connect him to any Defendant

other than Sistina.  *See generally* Compl. ¶¶ 6-7 [sic], 6 [sic], 18-53.  Thus, Caravaggio–a separate entity for which Plaintiff never worked–should be dismissed.

## CONCLUSION

For the foregoing reasons, Caravaggio respectfully requests that Plaintiff's Complaint be dismissed against it in its entirety for failure to state a claim.

Dated: New York, New York
December 18, 2020

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS SISTINA RESTAURANT INC., CARAVAGGIO, INC. AND GIUESEPPE BRUNO*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: /s *Adam S. Gross*
Adam S. Gross, Esq.
Godfre O. Blackman, Esq.

## CERTIFICATE OF SERVICE

  I hereby certify that on December 18, 2020, the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARAVAGGIO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

<div align="center">

C.K. LEE, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFF*
148 West 24th Street, 8th Floor
New York, New York 10011

</div>

          /s *Adam S. Gross*
          Adam S. Gross

4836-0978-0436, v. 6

1